UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 0:23cv60991

STATE OF FLORIDA,

   *Plaintiff*,

v.

UNITED STATES DEPARTMENT
OF EDUCATION,

   *Defendant*.

_____

**COMPLAINT FOR INJUNCTIVE RELIEF AND
TO COMPEL PRODUCTION OF DOCUMENTS**

The State of Florida (Florida) brings this action against the U.S. Department of Education (the Department) to compel compliance with the Freedom of Information Act (FOIA), 5 U.S.C. § 552.

## PARTIES

1. Plaintiff State of Florida is a sovereign State and has the authority and responsibility to protect its public fisc and the health, safety, and welfare of its citizens and to seek information related to these duties.

2. Defendant Department of Education (the Department) is an agency of the United States Government. The Department has possession, custody, and control of certain public records to which Florida seeks access.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

4. Venue lies in this district pursuant to 28 U.S.C. § 1391(e)(1) because the State of Florida is a resident of every judicial district in its sovereign territory, including this judicial district (and division). *See California v. Azar*, 911 F.3d 558, 570 (9th Cir. 2018); *Florida v. United States*, No. 3:21-cv-1066, 2022 WL 2431443, at *2 (N.D. Fla. Jan. 18, 2022).[1]

## STATEMENT OF FACTS

5. Florida is currently in an ongoing dispute with the Department regarding the applicability of Florida law and federal accreditation requirements.[2]

6. In light of impending requirements for Florida postsecondary educational institutions, Florida sought information regarding the Department's plans to make changes to the accreditation process and anticipated applications of current guidance to Florida.

7. On February 23, 2023, Florida sent a FOIA request to the Department via the Department's online portal that requests several records. *See* Ex. 1; Ex. 2. That same day, the Department acknowledged receipt of Florida's request. *See* Ex. 1.

---

[1] *Accord Alabama v. U.S. Army Corps of Eng'rs*, 382 F. Supp. 2d 1301, 1329 (N.D. Ala. 2005); *see also Atlanta & F.R. Co. v. W. Ry. Co. of Ala.*, 50 F. 790, 791 (5th Cir. 1892) (explaining that "the state government . . . resides at every point within the boundaries of the state").
[2] Stanley Kurtz, *Biden vs. DeSantis: The Unknown Clash*, Nat'l Review (Aug. 9, 2022), https://www.nationalreview.com/corner/biden-vs-desantis-the-unknown-clash/.

8. On February 27, 2023, the Department notified Florida via email that its requests for expedited processing and fee waiver had been denied. *See* Ex. 3.

9. Under 5 U.S.C. § 552(a)(6)(A)(i), the Department was required to respond to Florida's request within twenty working days of receipt, that is by March 23, 2023.

10. Section 552(a)(6)(B) allows an agency to take an extension of ten working days if "unusual circumstances" require more time for completion of the request.

11. Even if the Department had invoked the ten-day extension, it would have been required to respond by April 6, 2023.

12. As of the date of this Complaint, the Department has failed to (i) determine whether to comply with the request; (ii) notify Florida of any such determination or the reasons therefor; (iii) advise Florida of the right to appeal any adverse determination; or (iv) produce the requested records or otherwise demonstrate that the requested records are exempt from production.

## COUNT I

### Violation of the Freedom of Information Act, 5 U.S.C. § 552

13. Florida repeats and incorporates by reference ¶¶ 1–12.

14. The Department has failed to process and make a determination regarding Florida's February 23, 2023 FOIA request within the statutory time limit and are unlawfully withholding records requested by Florida under 5 U.S.C. § 552.

15. Because the Department failed to make a final determination on Florida's request within the time limits set by FOIA, Florida is deemed to have exhausted its administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i).

16. The Department's actions harm Florida by continuously denying Florida access to documents that it has a legal right to. This harm is irreparable because no monetary damages can compensate Florida for this loss. Florida will continue to be irreparably harmed unless and until the Department is compelled to conform its conduct to the requirements of the law.

## PRAYER FOR RELIEF

For these reasons, Florida asks the Court to:

a) Order the Department to conduct a search for any and all records responsive to Florida's FOIA request, and to demonstrate that it employed search methods reasonably calculated to uncover all records responsive to the requests;

b) Order the Department to produce, by a date certain, any and all non-exempt records responsive to Florida's FOIA request and an index of any responsive records withheld under claim of exemption;

c) Enjoin the Department from continuing to withhold any and all non-exempt records responsive to Florida's FOIA request;

d) Award Florida costs and reasonable attorney's fees pursuant to 5 U.S.C. § 552(a)(4)(E); and

e) Award such other relief as the Court deems equitable and just.

Respectfully submitted,

Ashley Moody
ATTORNEY GENERAL

John Guard (FBN 374600)
CHIEF DEPUTY ATTORNEY GENERAL

James H. Percival (FBN 1016188)
CHIEF OF STAFF

Henry C. Whitaker (FBN 1031175)
SOLICITOR GENERAL

*/s/ Natalie Christmas*
Natalie Christmas (FBN 1019180)
COUNSELOR TO THE ATTORNEY GENERAL

Office of the Attorney General
The Capitol, Pl-01
Tallahassee, Florida 32399-1050
(850) 414-3300
(850) 410-2672 (fax)
natalie.christmas@myfloridalegal.com

*Counsel for the State of Florida*